```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF TENNESSEE
       NASHVILLE DIVISION
```

```
LARRY LAMONT ANDERSON          ]
     Plaintiff,                 ]
                                ]
v.                              ]     No. 3:13-1049
                                ]     Judge Sharp
DEPUTY CHRISTY ROBBINS          ]
     Defendant.                 ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Williamson County Jail in Franklin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Deputy Christy Robbins, a member of the staff at the Jail, seeking damages.[1]

On June 23, 2013, the plaintiff was working in the kitchen at the Jail when Deputy Robbins "smacked" him in the face. The smack in the face appeared to be accidental and the plaintiff was taken to the clinic for examination. A short time later, he returned to the kitchen.

Three days after the incident, the plaintiff was issued a disciplinary report charging him with horseplay. The plaintiff

---

[1] The plaintiff has not specifically set forth the statutory basis for his claims. However, he does allege that his rights were violated by a person acting under color of state law. Therefore, the Court construes this action as one being brought pursuant to 42 U.S.C. § 1983.

alleges that he was falsely accused and that the disciplinary report was intended to mask the fact that Deputy Robbins had struck him. In his prayer for relief, the plaintiff also mentions racial discrimination.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The plaintiff complains that he was falsely accused of a disciplinary infraction. A prisoner, however, has no constitutional right not to be falsely accused of a disciplinary infraction. Freeman v. Rideout, 808 F.2d 949,952-53 (2nd Cir.1986), *cert. denied*, 485 U.S. 982 (1988). A prisoner is entitled only to due process of law in the resolution of the disciplinary dispute. *Id.*, *see also* Williams v. Kling, 1995 WL 364195 (6th Cir.)(Mich.).

In this instance, the plaintiff has not alleged a denial of due process. As a consequence, his rights were not violated when he was issued the disciplinary report charging him with horseplay.

The plaintiff has also mentioned racial discrimination. However, there are no factual allegations offered to suggest that the plaintiff was the victim of any type of discrimination. This claim, therefore, is conclusory and, as such, is not actionable. Mezibov v. Allen, 411 F.3d 712,716 (6th Cir.2005).

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge